UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | Case No.: 19cv829-LAB (MDD) |
| Plaintiff, | **ORDER DENYING MOTION TO STAY CASE** |
| v. | **[Docket numbers 9, 13.]** |
| SEIRUS INNOVATIVE ACCESSORIES, INC., et al. | |
| Defendants. | |

Plaintiff Travelers Property Casualty Company of America filed this action, seeking a declaration that it had no obligation to defend the Defendants in a separate case, and requesting reimbursement for its expenses in voluntarily defending them thus far. The other action is pending as case 19cv137-SI, *Columbia Sportswear North America v. Seirus* et al. in the District of Oregon.

According to the complaint, this dispute began as a patent infringement claim. According to allegations, Columbia argued that Seirus Heat Wave products infringed one of Columbia's patents, and filed suit in the Western District of Washington. Columbia then dismissed that action and filed the Oregon action, alleging infringement of its Omni-Heat Reflective patents. As trial neared, Seirus

and the other Defendants allegedly arranged for another entity to initiate improper *inter partes* proceedings, then improperly used them to attempt to stay the trial. Eventually, Columbia says it prevailed, but only after delay and significant expense. In case 19cv137, Columbia seeks relief against Defendants for this, under various theories.

Seirus then notified Travelers of the complaint and requested a defense and indemnification. Travelers told Seirus it did not think it was obligated to do so, but agreed to provide a defense, subject to a reservation of rights. Among other things, Travelers reserved the right to decline indemnity, to withdraw from the defense, to seek reimbursement if it were determined to have no duty to defend or indemnify, and to seek declaratory relief. It then filed this action.

Defendants moved to stay this entire action, until the underlying action is resolved. They also filed an *ex parte* motion to stay the action temporarily, at least until this motion could be decided. The *ex parte* motion is **GRANTED**, although with the issuance of this order it will expire.

**Discussion**

Because the Court is sitting in diversity, it applies California substantive law, and federal procedural law. The motion cites *U.S. Fidelity & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1133–34 (9th Cir. 2011) as holding that California law governs motions to stay. This assertion is incorrect. Apparently the language of the case is confusing, because it has been misinterpreted this way before. *See Scottsdale Ins. Co. v. Grant & Weber*, 2016 WL 7469636, at *3 (C.D. Cal., Apr. 21, 2016). In fact, *U.S. Fidelity* quotes and applies *Erie*. Because a motion to stay is procedural, the Court applies the factors set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), although the Court may look to California law to inform its analysis under *Landis*. *See Utd. Specialty Ins. Co. v. Bani Auto Group, Inc.*, 2018 WL 5291992, at *4 (N.D. Cal., Oct. 23, 2018). The abstention factors set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) do not apply here, because

their application is limited to actions seeking only declaratory relief. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012).

**Legal Standard**

*Landis* recognizes a court's discretionary power to stay its own proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In exercising this discretion, the Court considers possible damage to the non-moving party, the hardship or inequity weighing on the moving party if it is required to go forward, and the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis,* 299 U.S. at 254–55). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.*" CMAX*, 300 F.2d at 268. "The moving party 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (quoting *Landis*, 299 U.S. at 255).

Here, the parties' arguments, and the issues are similar to those raised in *Zurich Am. Ins. Co. v. Omnicell, Inc.*, 2019 WL 570760, slip op. (N.D. Cal., Feb. 12, 2019) (Koh, J.), which granted the stay after a thorough and sound analysis. Initially, the Court's reasoning mirrored that of Judge Koh. Then on December 10, several defendants in the underlying action, who represent three of the Defendants in this case, filed an interlocutory appeal from an order denying the Defendants' anti-SLAPP motion. (Docket no. 165 in case 19cv137.) They also filed a motion to stay the case and to certify the interlocutory appeal (Docket no. 182 in case 19cv137), which the court granted in part by staying the state law claims but allowing the federal RICO claims to go forward. (*See* Docket no. 218 in case

19cv137.) This action likely, though not necessarily, means the RICO claims will be resolved sooner than the others. While an appeal is still litigation, it typically does not require parties to respond quickly or submit to discovery. But more importantly, it means that final judgment in the case is far off, and the case in this Court will grow old while the Court and parties await resolution of the underlying case. The ends of justice are not served by long delays. *See* Fed. R. Civ. P. 1.

In light of developments in the underlying action, the Court has reevaluated its analysis and the motion to stay is **DENIED WITHOUT PREJUDICE**. If Defendants believe new developments in the underlying proceedings change the analysis, they may again seek a stay.

In the meantime, the parties are directed to contact the chambers of Magistrate Judge Mitchell Dembin to arrange for the scheduling of an Early Neutral Evaluation Conference and, if the case is not settled, a Case Management Conference. (*See* Docket no. 19.)

**IT IS SO ORDERED**.

Dated: March 9, 2020

Honorable Larry Alan Burns
Chief United States District Judge